IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
: Criminal Action No. 4:12-cr-00096
v. :
: (Chief Judge Kane)
ADGAR RENE URESTE-MEZA, :
    Defendant :

## MEMORANDUM ORDER

On April 12, 2012, a grand jury sitting in the Middle District of Pennsylvania returned an indictment against Defendant Adgar Rene Ureste-Meza, charging him with one count of illegally reentering the United States, in violation of 8 U.S.C. § 1326(a); one count of falsely representing himself to be a citizen of the United States, in violation of 18 U.S.C. § 911; and one count of submitting a false document to Immigrations and Customs Enforcement ("ICE"), in violation of 18 U.S.C. § 1001. (Doc. No. 1.) Jury selection and trial are scheduled to commence in this matter on October 29, 2012. On October 22, 2012, Defendant filed two motions in limine, seeking to exclude evidence of his prior convictions and sound recordings of various conversations in which Defendant participated. (Doc. Nos. 36, 38.) Two days later, Defendant filed a third motion in limine, requesting the Court to hold a hearing pursuant to United States v. Starks, 515 F.2d 112 (3d Cir. 1975), regarding the admissibility of three recordings that the Government intends to use at trial. (Doc. No. 44.) The Court will address each motion in turn.

I.     **DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS**

In his first motion in limine, Defendant moves to preclude the Government from introducing evidence of his prior convictions under Rules 403, 404(b), and 609 of the Federal Rules of Evidence. (Doc. No. 36.) According to Defendant, he was previously convicted of: (1)

1

charges related to driving under the influence on four separate occasions; (2) illegally entering the United States, in violation of 8 U.S.C. § 1325; and (3) failing to comply with reporting requirements for individuals arriving in the United States other than by vessel, vehicle, or aircraft, in violation of 19 U.S.C. § 1459. (Id. ¶¶ 26-27, 29, 32, 35, 38.)

At the outset, the Government makes clear in its brief in opposition that it "does not seek to admit at trial . . . [Defendant's convictions] concerning alcohol related offenses or other non-immigration contacts." (Doc. No. 41 at 2.) Accordingly, the Court will grant Defendant's motion in limine as unopposed to the extent that the motion seeks to exclude evidence of Defendant's prior convictions on charges related to driving under the influence.

The Court must now assess whether Defendant's prior federal convictions are admissible as prior bad acts evidence under Rule 404(b) or for impeachment purposes under Rule 609. First, the Government contends that evidence of these convictions is admissible under Rule 404(b) because the evidence is relevant and probative, is not offered to prove Defendant's bad character, and its probative value is not substantially outweighed by the danger of unfair prejudice. (Doc. No. 41 at 4-6.) Rule 404(b) of the Federal Rules of Evidence provides in relevant part:

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The United States Court of Appeals for the Third Circuit has devised a four-part test for determining whether evidence is admissible under Rule 404(b): "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value

must outweigh its potential for unfair prejudicial effect under Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." United States v. Moore, 375 F.3d 259, 263-64 (3d Cir. 2004) (citations and internal quotation marks omitted).

Rule 404(b) is "a rule of inclusion rather than exclusion," and the admission of Rule 404(b) evidence is favored "if such evidence is relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003) (citations and internal quotation marks omitted). "If the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed . . . [similar] offenses before, he therefore is more likely to have committed this one." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992).

The Government contends that evidence of Defendant's prior convictions for immigration-related offenses indicate that Defendant's "actions on March 25, 2012, were motivated by his continuing desire to illegally reside in the United States. His actions were not a mistake. They were not an accident. He did exactly what he desired and intended to do." (Doc. No. 41 at 4.) Defendant asserts that the evidence serves no proper evidentiary purpose because although "evidence of prior deportations is an element of the offense of illegal re-entry . . . the fact of the conviction and the crimes of which he was convicted have no probative value." (Doc. No. 37 at 6.) Although evidence that Defendant was convicted of illegally entering the United States may be relevant to showing that it was less likely that Defendant reentered the United States unknowingly or mistakenly, the Court finds that the probative value of this evidence is

3

substantially outweighed by the dangers of unfair prejudice and needlessly presenting cumulative evidence under Rule 403 of the Federal Rules of Evidence. First, presenting this evidence creates a substantial risk that the jury will unfairly conclude that Defendant's entry into the United States at the time charged in the indictment was unlawful solely because Defendant was previously convicted of illegally entering the United States. Second, the Court is satisfied that the Government can effectively argue that Defendant reentered the United States knowingly, and not by mistake, by presenting evidence and eliciting testimony concerning Defendant's prior deportation and his interactions with ICE agents, without also presenting evidence of his related convictions. In light of the strong potential for prejudice, the Court also finds that a limiting instruction would not sufficiently mitigate prejudice. Accordingly, the Court will not permit the Government to introduce evidence of Defendant's prior federal convictions under Rule 404(b).

The Court will also preclude the Government from introducing evidence of these convictions to impeach Defendant's character for truthfulness should he testify at trial. As Defendant argues, the convictions were neither for crimes punishable by death or imprisonment for more than one year nor for crimes involving a dishonest act or false statement and, thus, are not admissible under Rule 609(a) of the Federal Rules of Evidence. Therefore, the Court will grant Defendant's motion in limine to exclude evidence of Defendant's prior federal convictions under Rules 404(b) and 609 and will deny as moot Defendant's motion to the extent that it seeks to exclude evidence of Defendant's convictions for crimes relating to driving under the influence.

## II.  DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OF SOUND RECORDINGS

In his second and third motions in limine, Defendant moves to preclude the Government from introducing sound recordings of conversations Defendant participated in while he was

4

incarcerated at the Clinton County Correctional Facility. (Doc Nos. 38, 44.) The Government avers that it "intends to only introduce three recorded telephone/visits . . . [at] trial: two telephone calls conducted on March 27, 2012, and April 26, 2012, and one visit conducted on April 20, 2012." (Doc. No. 42 at 2.) The Government, however, also provided defense counsel, upon request, with a "disk contain[ing] approximately 43 hours and 41 minutes of conversations between [Defendant] and other individuals" recorded during Defendant's incarceration from approximately March 2012 through September 2012 (Doc. No. 38 ¶¶ 9, 17.) According to Defendant, the Government did not provide translations of these additional conversations, which are predominately in Spanish. (Id. ¶¶ 8, 10.)

In Defendant's second motion in limine, Defendant seeks to exclude the Government from introducing any of the recordings at trial on the basis that the Government's untimely disclosure of them violates Rule 16 of the Federal Rules of Criminal Procedure and will severely prejudice Defendant's ability to prepare for trial. Defendant avers that although the Government informed defense counsel of its intent to use certain recordings on October 11, 2012, it did not provide the disk containing all of the recordings until October 16, 2012, less than two weeks before the date on which trial is scheduled to commence. (Id. ¶¶ 5, 7.)

"It is expected that the parties will make their requests and disclosures in a timely fashion." United States v. Rhines, 143 F. App'x 478, 482 (3d Cir. 2005) (quoting Fed. R. Crim. P. 16 Advisory Committee Notes). Under Rule 16(d)(2), if the Government fails to comply with any part of Rule 16, the Court may grant a continuance, prohibit the Government from introducing the undisclosed evidence, or enter any other order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2). Rule 16(d)(2), however, "does not require a district

5

court to do anything." United States v. Lopez, 271 F.3d 472, 484 (3d Cir. 2001).

Here, the Court finds that exclusion of all the sound recordings at trial is not warranted. First, during a telephone conference regarding the admissibility of the recordings, the undersigned asked defense counsel if a continuance would remedy the alleged prejudice caused by the Government's late disclosure. Counsel refused the offer. Second, as the Government asserts, the conversations recorded were "freely given by [Defendant] despite warnings . . . that they [would be] recorded." (Doc. No. 42 at 3.) Thus, Defendant is well positioned to provide his counsel with information regarding the potentially exculpatory value of certain conversations as well as the connection that the conversations to be used by the Government may have with other disclosed conversations. Finally, Defendant has not challenged the relevance or probative value of the specific recordings that the Government intends to introduce at trial and has not identified a sufficient basis for admitting any of the additional recorded conversations. In light of these facts, the Court cannot conclude that the admission of these sound recordings will unduly surprise Defendant – who was a participant in all of the recorded conversations – or deprive him of an adequate opportunity to prepare a defense. See United States v. Stevens, 380 F.3d 1021, 1026 (7th Cir. 2004) ("A defendant is prejudiced under Rule 16 only when he is unduly surprised and lacks an adequate opportunity to prepare a defense, or when the violation substantially influences the jury."). Accordingly, the Court will deny Defendant's second motion in limine.

### III. DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE THREE SPECIFIC SOUND RECORDINGS AND REQUEST FOR A STARKS HEARING

In his third motion in limine, Defendant seeks to exclude the three sound recordings the Government intends to present at trial on the basis that the recordings are largely inaudible and unintelligible. (Doc. No. 44 ¶ 9.) Defendant requests that the Court conduct a Starks hearing

6

and, thereafter, make a determination regarding the admissibility of these specific recordings. (Id. at 5.) The Government has not yet filed a brief in opposition to this motion.

In Starks, the Third Circuit held that "the burden is on the government to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of . . . [sound] recordings." 515 F.2d at 121. The Third Circuit then listed standards of authentication that a party seeking to introduce sound recordings must meet:

> [B]efore a sound recording is admitted into evidence, a foundation must be established by showing the following facts: (1) That the recording device was capable of taking the conversation now offered in evidence. (2) That the operator of the device was competent to operate the device. (3) That the recording is authentic and correct. (4) That changes, additions or deletions have not been made in the recording. (5) That the recording had been preserved in a manner that is shown to the court. (6) That the speakers are identified. (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

Id. at 121 n.11.

Soon after the Third Circuit issued the Starks opinion, the Federal Rules of Evidence went into effect. Rule 901(a) of the Federal Rules of Evidence provides: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Several district courts have noted the apparent conflict between Starks and Rule 901(a). See, e.g., United States v. Flood, No. 04-cr-36, 2007 WL 1314612 (W.D. Pa. May 4, 2007); United States v. Tubbs, No. 89-cr-498, 1990 WL 27365 (E.D. Pa. Mar. 12, 1990). In United States v. Toler, 444 F. App'x 561, 564 n.1 (3d Cir. 2011), the Government argued that Starks had been abrogated by Rule 901(a), but the Third Circuit found it "need not comment on the relationship between Starks and Rule 901" because the Government had satisfied the higher Starks standard. In the absence of direct

7

guidance from the Third Circuit regarding the conflict between Starks and Rule 901(a), the Court will apply the higher Starks standard and provide the Government with an opportunity to make a showing with respect to the factors identified in Starks. Accordingly, the Court will reserve ruling on Defendant's third motion in limine and conduct a Starks hearing regarding the admissibility of the conversations recorded on March 27, 2012, April 20, 2012, and April 26, 2012, following jury selection on October 29, 2012.

### III. CONCLUSION

**ACCORDINGLY**, on this 26th day of October 2012, **IT IS HEREBY ORDERED THAT:**

1. Defendant's first motion in limine (Doc. No. 36) is **GRANTED**;

2. Defendant's second motion in limine (Doc. No. 38) is **DENIED**; and

2. The Court reserves ruling on Defendant's third motion in limine (Doc. No. 44) and will conduct a hearing pursuant to United States v. Starks, 515 F.2d 112 (3d Cir. 1975), following jury selection on October 29, 2012.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania